

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-78,944-03

**EX PARTE REGINALD EMERSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W89-91792-N(C) IN THE 195TH DISTRICT COURT
## FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a vehicle and sentenced to 35 years' imprisonment.

Applicant contends that the parole revocation hearing dated September 18, 2018, violated due process and equal protection and subjected him to arbitrary and wrongful punishment. He also states that there was no showing that he had violated a condition of parole release. The habeas court finds and concludes that, based on unique aspects of his case, applicant should have been provided with counsel. The court also finds that the alleged violations that formed the basis for revocation

were not supported by a preponderance of the evidence. The court recommends granting relief. Its decision is based, in part, on its review of relevant Parole Division records from Program Supervisor Vicki Carroll and an affidavit from Charley Valdez. Although the habeas court ordered that those records be sealed and forwarded to this Court, only the audio recording of the revocation hearing is before this Court.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

This application will be held in abeyance until the trial court has had an opportunity to develop the record. The issues shall be resolved within 60 days of this order. A supplemental transcript containing the Parole Division records and the Valdez affidavit, along with the trial court's supplemental findings of fact and conclusions of law, if any, shall be forwarded to this Court within 90 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 9, 2019
Do not publish